[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 11, 2011
JOHN LEY
CLERK

No. 11-11573
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-21509-MGC


WILLIAM HUMBERTO GIL-PERENGUEZ,

Plaintiff - Appellant,

versus

UNITED STATES OF AMERICA,
by and through U.S. Attorney General,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 11, 2011)

Before WILSON, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

William Gil-Perenguez appeals the dismissal of his complaint for lack of subject matter jurisdiction based on sovereign immunity. Gil argues that the district court erred when it ruled that his complaint falls within the "foreign country" exception to the waiver of sovereign immunity under the Federal Tort Claims Act, 28 U.S.C. § 2680(k). We affirm.

## I. BACKGROUND

In June 2006, the Drug Enforcement Agency and Colombian National Police jointly investigated a conspiracy to import cocaine and heroin from Colombia on cargo planes landing at the Miami, Florida, International Airport. Gil worked at the airport in Colombia from which the drugs were being shipped to the United States. The Colombian police erroneously identified Gil as a member of the conspiracy and communicated that erroneous information to the Agency. A federal grand jury later returned an indictment against Gil on several charges of importation of drugs. Colombian police arrested Gil and detained him in a Colombian prison for more than a year after which he was transported to the United States to stand trial. After a status conference, the district court ordered the United States to examine recordings of drug conspirators in which Gil erroneously had been identified as a participant. The United States determined that Gil's voice

2

was not on the recordings, moved to dismiss the indictment against him, and returned him to Colombia.

Gil filed a complaint against the United States under the Federal Tort Claims Act. Gil's complaint alleged that he had been wrongfully indicted, arrested, and detained. His complaint sought $10 million in damages for injuries that he suffered in Colombia, including the loss of his job, damage to his reputation, and emotional distress.

The district court granted the motion of the United States to dismiss Gil's complaint. The district court ruled that the foreign country exception to the waiver of sovereign immunity under the Federal Tort Claims Act barred Gil's complaint, which concerned an investigation, arrest, and detention by Colombian police. The district court did not reach the alternative grounds of the motion filed by the United States.

## II. STANDARD OF REVIEW

We review a dismissal based on lack of subject matter jurisdiction de novo. Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006).

## III. DISCUSSION

The district court correctly ruled that it lacked subject matter jurisdiction over Gil's complaint. The Federal Tort Claims Act waives immunity to suit

except for "[a]ny claim arising in a foreign country." 28 U.S.C. § 2680(k). This exception covers "all claims based on any injury suffered in a foreign country, regardless of where the tortious act or omission occurred." Sosa v. Alvarez-Machain, 542 U.S. 692, 712, 124 S. Ct. 2739, 2754 (2004). Gil's complaint arises out of an arrest in Colombia, which is "where the last act necessary to establish liability occurred." Id. at 705, 124 S. Ct. at 2750 (internal quotation marks omitted). Gil's complaint plainly falls within the foreign country exception to the waiver of sovereign immunity under the Act.

## IV. CONCLUSION

We affirm the dismissal of Gil's complaint for lack of subject matter jurisdiction.

**AFFIRMED.**